IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HC2 STATION GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RADIANT LIFE MINISTRIES, INC. and ) <br> MICHAEL JEROME DALY, ESQ., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:20-cv-01861-VEC |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/19/2020

## ~~PROPOSED~~ STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Plaintiff HC2 Station Group, Inc. ("HC2") and Defendants Radiant Life Ministries, Inc. ("RLM") and Michael Jerome Daly, Esq. ("Daly" and, collectively with HC2 and RLM, the "Parties"), by their respective undersigned attorneys, jointly move this Court for entry of this Proposed Stipulated Protective Order to facilitate the production and use of documents, electronically stored information ("ESI"), testimony, and other information in this action and to maintain the confidentiality and limit the use of commercially sensitive or proprietary non-public information contained in such documents, ESI, testimony, and information.

1. When used herein, the following words shall respectively have the meanings defined in Local Civil Rule 26.3(c) of the Local Rules of the United States District Court for the Southern District of New York:

    a. "communication"

    b. "document"

    c. "identify" (with respect to persons)

        d.     "identify" (with respect to documents)

        e.     "Plaintiff"

        f.     "Defendant"

        g.     "person"; and

        h.     "concerning."

2.    When used herein:

        a.     "Discovery Material" means all documents, communications, or information produced or otherwise disclosed by any of the Parties, or any non-party to this action, in connection with this action, including without limitation any document and ESI productions, interrogatory responses, responses to requests for admission, and all deposition, hearing, trial, or other testimony provided by any witness in this action, as well as any quotations, copies, summaries, or derivations thereof.

        b.     "Confidential Information" means (i) any commercially or competitively sensitive non-public information or proprietary non-public information, the disclosure of which would create substantial risk of competitive or business injury to a Designating Party, (ii) any non-public financial information of natural persons, (iii) any personal identifying information of the types described in Rule 5.2(a) of the Federal Rules of Civil Procedure, or (iv) any trade secret or other confidential research, development, or commercial information that a Designating Party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

c. "Highly Confidential Information-Outside Counsel Only" means Confidential Information that a Designating Party believes in good faith would, if disclosed to any Receiving Party or any Receiving Party's officers, directors, employees, or agents, be likely to cause substantial business injury to that Designating Party.

d. "Designating Party" shall mean any of the Parties, or any non-party to this action, that designates as "Confidential" or "Highly Confidential-Outside Counsel Only" pursuant to this Order any Discovery Material produced or otherwise disclosed, or that is requested, commanded, or ordered to be produced or otherwise disclosed, in connection with this action.

e. "Receiving Party" shall mean any of the Parties, or any non-party to this action, that receives any Discovery Material designated as "Confidential" or "Highly Confidential-Outside Counsel Only" pursuant to this Order in connection with this action.

3. Any Designating Party may designate Discovery Material that it produces containing Confidential Information as "Confidential," or containing Highly Confidential Information-Outside Counsel Only as "Highly Confidential-Outside Counsel Only," by adding the appropriate confidentiality notation to each page of the Discovery Material containing Confidential Information or Highly Confidential Information-Outside Counsel Only that it produces or, if adding such notations is impracticable or unduly burdensome for the Designating Party, by other written notification to counsel for all Parties such that any Receiving Party is aware of the confidentiality designations imposed by the Designating Party.

4. Any Receiving Party may, at any time, notify the Designating Party in writing that the Receiving Party challenges the designation of any Discovery Material as "Confidential" or "Highly Confidential-Outside Counsel Only." If the Designating Party does not agree to produce such Discovery Material without the challenged confidentiality designation, the Receiving Party may, pursuant to the procedures set forth in this Court's Local Civil Rules and Individual Practices in Civil Cases, request relief from the Court, including an order compelling removal of the challenged confidentiality designation. If no such request is made, such Discovery Material shall continue to be treated as containing Confidential Information or Highly Confidential Information-Outside Counsel Only, as designated. If such request is made, the Discovery Material shall continue to be treated as containing Confidential Information or Highly Confidential Information-Outside Counsel Only, as designated, unless and until the Court orders otherwise.

5. It shall be the responsibility of each of the Parties, and of any non-party to this action that is requested, commanded, or ordered to produce or otherwise disclose any Discovery Material in connection with this action, to advise their respective relevant personnel, in-house counsel, outside counsel (including associated attorneys, paralegals, and other personnel), and experts of this Order and their obligations under it.

6. Except with the prior written consent of the Designating Party or by order of the Court, Confidential Information shall not be provided, shown, disclosed, or otherwise communicated to any person except:

    a. personnel of the Parties who are actually engaged in assisting in the litigation of this action;

    b.    in-house counsel of the Parties and Defendant Michael Jerome Daly, Esq.;

    c.    outside counsel of record for the Parties and their associated attorneys, paralegals, and other personnel (including support staff and outside printing, copying, and electronic discovery vendors, but excluding Defendant Michael Jerome Daly, Esq., in-house counsel of the Parties, and any other attorneys employed by or otherwise affiliated with the Parties) who are directly assisting such counsel in the litigation of this action under the supervision or control of such counsel;

    d.    any expert witnesses or consultants (including their respective personnel) retained by the Parties or their respective counsel to provide technical or expert services, including expert analysis, reports, opinions, and testimony, in connection with this action, but only in accordance with Paragraph 9 below;

    e.    the Court and Court personnel;

    f.    any officers before whom any deposition in this action is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officers, who have been advised of this Stipulated Protective Order;

    g.    any person(s) who created or previously received the Confidential Information based on the face of the Discovery Material containing it; and

    h.    any other person mutually agreed to by the Parties in writing.

7. Except with the prior written consent of the Designating Party or by order of the Court, Highly Confidential Information-Outside Counsel Only shall not be provided, shown, disclosed, or otherwise communicated to any person except the persons identified in Paragraphs 5(c) through 5(f) and Paragraph 5(h) above; provided, however, that:

  a. Highly Confidential Information-Outside Counsel Only shall only be provided, shown, disclosed, or otherwise communicated to the Parties' expert witnesses, consultants, or their respective personnel in accordance with Paragraph 9 below; and

  b. Highly Confidential Information-Outside Counsel Only may be provided to any person(s) who created or previously received the Highly Confidential Information-Outside Counsel Only based on the face of the Discovery Material containing it.

8. If any Receiving Party seeks to use Discovery Material designated as "Confidential" or "Highly Confidential-Outside Counsel Only" at the deposition of a person not included within the scope of Paragraph 5 or 6 above, respectively, or during the testimony of such a person at any hearing or trial in this action, the Receiving Party shall request, in advance of such use and outside the presence of such person and such person's counsel, consent from the Designating Party for such use, and provide the Receiving Party's basis and good cause for such request; the Designating Party shall not unreasonably withhold consent if good cause is shown. If the Designating Party does not consent to the requested use of such Discovery Material by the Receiving Party, the Receiving Party may, pursuant to the procedures set forth in this Court's Local Civil Rules and Individual Practices in Civil Cases, request relief from the Court, including an order allowing the requested use of such Discovery Material. If no such request is

made, the Confidential Information or Highly Confidential Information-Outside Counsel Only contained in such Discovery Material shall not be used, shown, disclosed, or otherwise communicated by the Receiving Party in the deposition or during the testimony at issue. If such request is made, the Confidential Information or Highly Confidential Information-Outside Counsel Only contained in such Discovery Material shall not be used, shown, disclosed, or otherwise communicated by the Receiving Party in the deposition or during the testimony at issue unless and until the Court orders otherwise.

9. Receiving Parties and their respective counsel, expert witnesses, and consultants may use Confidential Information and Highly Confidential Information-Outside Counsel Only produced by other Parties or non-parties to this action only for purposes of this action and for no other purposes.

10. Before any Receiving Party provides, shows, discloses, or otherwise communicates any Confidential Information or Highly Confidential Information-Outside Counsel Only to any expert witnesses or consultants pursuant to Paragraph 5 or 6 above, counsel for that Receiving Party shall obtain the expert witness or consultant's written agreement, in the form of Exhibit 1 attached hereto, to comply with this Stipulated Protective Order and be bound by its terms. Furthermore, before any Receiving Party provides, shows, discloses, or otherwise communicates any Highly Confidential Information-Outside Counsel Only designated by another Party to any expert witnesses or consultants pursuant to Paragraph 6 above, counsel for that Receiving Party shall request, in advance of such provision of such Highly Confidential Information-Outside Counsel Only to such expert witness or consultant, consent from the Designating Party of such Highly Confidential Information-Outside Counsel Only for such use; the Designating Party shall not unreasonably withhold consent if good cause is shown. If the

7

Designating Party does not consent to the requested use of such Discovery Material by the Receiving Party, the Designating Party shall provide its basis and good cause for such refusal to consent to the requesting Receiving Party, and the Receiving Party may, pursuant to the procedures set forth in this Court's Local Civil Rules and Individual Practices in Civil Cases, request relief from the Court, including an order allowing the requested use of such Discovery Material. If no such request is made, the Highly Confidential Information-Outside Counsel Only contained in such Discovery Material shall not be provided, shown, disclosed, or otherwise communicated by the Receiving Party to the expert witness or consultant at issue. If such request is made, the Highly Confidential Information-Outside Counsel Only contained in such Discovery Material shall not be provided, shown, disclosed, or otherwise communicated by the Receiving Party to the expert witness or consultant at issue unless and until the Court orders otherwise.

11. Any Party or non-party to this action may designate any Discovery Material containing Confidential or Highly Confidential Information-Outside Counsel Only that it inadvertently produced without the appropriate confidentiality designation by providing written notice to counsel for all Parties identifying the particular Discovery Material that should have been designated as "Confidential" or "Highly Confidential-Outside Counsel Only." Such notice must be provided within a reasonable time following the notifying Party or non-party's discovery that it produced the Discovery Material subject to the notice without the appropriate confidentiality designation(s).

12. In the event that any non-party to this action produces any Discovery Material that any of the Parties to this action believes in good faith contains Confidential Information or Highly Confidential Information-Outside Counsel Only of that Party without the corresponding

confidentiality designation, such Party may designate such non-party Discovery Material as "Confidential" or "Highly Confidential-Outside Counsel Only" for purposes of this action, providing its basis and good cause for such re-designation to the other Parties. Once such re-designation is conveyed to the other Parties, that re-designation shall govern such non-party Discovery Material. If any other Party to this action objects to such re-designation, such Party may, pursuant to the procedures set forth in this Court's Local Civil Rules and Individual Practices in Civil Cases, request relief from the Court, including an order re-designating such Discovery Material as proposed by the objecting Party. If no such request is made to the Court, such Discovery Material shall continue to be treated by all Parties as re-designated pursuant to this Paragraph. If such request is made to the Court, such Discovery Material shall be treated by all Parties to this action as re-designated pursuant to this Paragraph unless and until the Court orders otherwise. In the event that any disagreement among the Parties about the appropriate confidentiality designation of any non-party Discovery Material under this Paragraph precludes any Party from using such Discovery Material for any purpose in this action, including without limitation as an exhibit in any deposition, hearing, or trial in this action, all Parties agree that, if such Discovery Material is subsequently designated or re-designated, by Court order or otherwise, in such a way that the precluded Party's intended use of such Discovery Material is no longer precluded, all Parties shall take all reasonably necessary steps to allow the precluded Party to use such Discovery Material as intended, including without limitation voluntarily reopening the deposition or, if necessary, jointly petitioning the Court to reopen the deposition or permit supplemental hearing or trial testimony, of any witness in this action for the specific, limited purpose of allowing the precluded Party's intended use of such Discovery Material with that witness.

13. The production or disclosure of Confidential Information or Highly Confidential Information-Outside Counsel Only shall in no way constitute a waiver of any sort, including of: (a) any Designating Party's right to object to the production or disclosure of other information in this action or in any other action; (b) any objections to discovery or admissibility that any Designating Party or Receiving Party may assert; or (c) the Parties' ability to use their own documents, communications, information, or testimony.

14. Nothing herein shall be deemed to waive any privilege recognized by law or be deemed an admission as to the admissibility in evidence of any facts, documents, communications, information, or testimony revealed in the course of discovery in this action. In particular, any inadvertent production of privileged or otherwise protected Discovery Material does not constitute a waiver of any claim of privilege or other protection. A Receiving Party shall promptly return or delete any such inadvertently produced privileged or otherwise protected Discovery Material upon notification or discovery of the inadvertent production and shall not use the privileged information contained therein for any purpose other than to challenge such designation as an "inadvertent production." If such a challenge is made, the material being challenged shall be designated "Highly Confidential" until such time as the Court makes its ruling on the challenge.

15. Except as specifically provided herein, nothing herein authorizes the Parties or any Receiving Party to provide, show, disclose, or otherwise communicate any Discovery Material received from any other Party or non-party to this action to any non-party to this action other than Discovery Material that the non-party itself produced in connection with this action.

16. The Parties intend their joint motion for entry of this Stipulated Protective Order to be made without prejudice to the right of any Party or non-party to this action to seek relief

from, or modification of, this Stipulated Protective Order or any of its provisions by properly noticed motion to the Court.

17. The obligations of this Stipulated Protective Order shall, absent further order of the Court, continue to be binding after the conclusion of this action on all Parties, Designating Parties, Receiving Parties, signatories of Exhibit 1 hereto, and any non-parties to this action that are requested, commanded, or ordered to produce or otherwise disclose any Discovery Material in connection with this action.

18. Notwithstanding any of the foregoing, any Party or non-party to this action seeking to file any document under seal with the Court must seek leave to do so in accordance with Rule 5 of this Court's Individual Practices in Civil Cases.

Dated: June 16, 2020

Respectfully submitted,

_____
Karl C. Huth (KH 0000)
Matthew J. Reynolds (MR 5740)
41 Cannon Court
Huntington, NY 11743
(212) 731-9333
huth@huthreynolds.com
reynolds@huthreynolds.com

*Counsel for Plaintiff HC2 Station Group, Inc. Esq.*

_____
Thomas F. Urban II (admitted pro hac vice)
Fletcher, Heald & Hildreth, PLC
1300 17th Street North, Suite 1100
Arlington, Virginia 22209
(703) 812-0400 (703) 812-0486 (fax)
urban@fhhlaw.com

*Counsel for Defendants Radiant Life Ministries, Inc. and Michael Jerome Daly*

The Court having found that good cause exists for entry of the foregoing Stipulated Protective Order, and all parties to this action having stipulated to its provisions,

IT IS SO ORDERED this __19th__ day of __June__, 2020.

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

11

# EXHIBIT 1

## ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HC2 STATION GROUP, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:20-cv-01861-VEC |
| RADIANT LIFE MINISTRIES, INC. and MICHAEL JEROME DALY, ESQ., | ) ) ) |
| Defendants. | ) ) |

### ACKNOWLEDGEMENT OF STIPULATED
### PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

I, _____, declare as follows:

1. My present business address is _____

2. My present employer is _____ and the address of my present employment is _____

3. My present occupation or job description is _____

4. I hereby acknowledge that I have read the Stipulated Protective Order (the "Order") in the above-caption action (the "Action"), that I am familiar with the terms of the Order, and that I agree to be bound by the terms of the Order.

5. I hereby acknowledge that, pursuant to the Order, I may receive Discovery Material designated as "Confidential" or "Highly Confidential-Outside Counsel Only" in this Action (the "Protected Information") and certify my understanding that such Discovery Material is provided to me pursuant to the terms and restrictions of the Order. I agree not to provide, show, disclose, or otherwise communicate any Protected Information to anyone not authorized by the Order to receive such Protected Information. I agree not to use, directly or indirectly, or allow the use of

1

any Protected Information for any purpose other than those directly associated with my duties in this Action.

6. I agree to retain all copies of any Protected Information I receive in a safe manner to ensure that such Protected Information is not disclosed to or obtained by third parties not subject to the terms of the Order.

7. I agree that at the conclusion of this Action or upon the completion of my assigned duties in this Action, whichever occurs first, I shall destroy any Protected Information or return such Protected Information to the Party that retained me. Such destruction or return of Protected Information shall not relieve me of the obligations imposed upon me by the Order.

8. I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical, and administrative staff) whose assistance I require in connection with my duties in this Action of the terms of the Order and of their obligation not to provide, show, disclose, or otherwise communicate any Protected Information to anyone not authorized by the Order to receive such Protected Information pursuant to the terms of the Order, after which such personnel may be provided with Protected Information on the same terms as myself, including all obligations set forth in the Order.

9. I understand that if I violate the Order in any manner, I may be subject to penalty or liability as the Court hearing the Action deems just.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____
                          (Date)

_____
(Signature)

_____
(Printed Name)

2